UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONALD BURNELL,                                        :
                                                      :
              Petitioner,                             :
                                                      :
v.                                                    :        Case No. 3:05CV825 (MRK)
                                                      :
CHRISTINE WHIDDEN, et al.[1]                          :
                                                      :
              Respondents.                            :

RULING AND ORDER

Pending before the Court is *pro se* Petitioner Donald Burnell's Petition for a Writ of

Mandamus [doc. #1] and Defendants' Motion to Dismiss in Response to Order to Show Cause [doc.

#4]. Although Mr. Burnell has captioned his pleading as a Petition for a Writ of Mandamus, Mr.

Burnell states in his opening paragraph that "This is an action brought under Title 42 U.S.C., § 1983

to remedy deprivation of rights under the Eighth and Fourteenth Amendments of the United States

Constitution." Petition [doc. #1] at 1. In substance, Mr. Burnell's "Petition" is a complaint seeking

relief under § 1983. For the reasons stated below, the Court GRANTS in part and DENIES in part

Defendants' Motion to Dismiss in Response to Order to Show Cause [doc. #4].

I.

When considering a Rule 12(b) motion to dismiss, the Court accepts as true all factual

allegations in the complaint and draws inferences from these allegations in the light most favorable

to the plaintiff. *See Flores v. Southern Peru Copper Corp.*, 343 F.3d 140, 143 (2d Cir. 2003).

Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts

---

[1] The named defendants are Warden Christine Whidden, Commissioner Theresa Lantz, Board
of Parole Director Robert J. Gillis, and Parole Officer Ellison.

in support of his claim that would entitle him to relief.  *See Sweet v. Sheahan*, 235 F.3d 80, 83 (2d

Cir. 2000).  "[T]he office of a motion to dismiss is merely to assess the legal feasibility of the

complaint, not to assay the weight of the evidence which might be offered in support thereof."

*Eternity Global Master Fund Ltd. v. Morgan Guarantee Trust Co. of New York*, 375 F.3d 168, 176

(2d Cir. 2004) (internal quotation marks omitted).  Moreover, the Second Circuit has cautioned

district courts that "the pleadings of a pro se plaintiff must be read liberally and should be interpreted

'to raise the strongest arguments that they suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.

1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)).

## II.

The following facts are drawn from Mr. Burnell's Petition, which the Court assumes are true

for present purposes.  In 2000, Mr. Burnell pled guilty to charges of Criminal Mischief, Burglary,

Kidnapping, and the Violation of a Protective Order, and he is currently serving his sentence of

fourteen years confinement, to be suspended after six, at Robinson Correctional Institution in

Enfield, Connecticut.  *See* Petition [doc. #1] at 2.  Mr. Burnell was initially charged with Sexual

Assault as well, but that charge was later dropped.  *See id.*  Mr. Burnell was granted parole with an

effective date of January 24, 2005.  *See id.*  Having been granted parole, Mr. Burnell first applied to

be transferred to Maine so that he could care for his sick and elderly mother.  However, this transfer

was denied.  *See id.*  He then obtained placement at a halfway house in North Granby, Connecticut,

with the help of one of his advocates.  *See id.*

Mr. Burnell alleges that sometime thereafter, Defendant Probation Officer Ellison contacted

his advocate and "asked him if he was aware of the Petitioner's sexual offender status" despite the

fact that Mr. Burnell has never been adjudicated to be a sex offender.  *Id.*  Mr. Burnell alleges that

"these lies and mis-statements have now caused the Petitioner jeopardy in being placed in a residence, thus delaying his parole." *Id*. at 4.  From this statement, the Court gathers that Mr. Burnell was denied placement at the North Granby halfway house.  As a result, Mr. Burnell seeks "an order to show cause as to why he should not be released immediately and that sanctions be issued against the Department of Corrections for lies and mis-statements," as well as compensatory and punitive damages.  *Id*.

### III.

Defendants move to dismiss Mr. Burnell's complaint on the grounds that they construe Mr. Burnell's claims as challenging the length of his confinement, making the claims not cognizable under 42 U.S.C. § 1983.  In a series of cases, the Supreme Court has limited the availability of relief under § 1983 to prisoners in state custody.  First, in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that a § 1983 action will not lie when a state prisoner challenges the "fact or duration of his confinement." *Id.* at 489.  Then, in the seminal case of *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court considered a different but related situation – one in which a state prisoner brought a § 1983 action seeking damages on the grounds that his conviction was unconstitutional because state officials had destroyed evidence.  *Id.* at 479.  Building on the logic of *Preiser*, the Supreme Court in *Heck* rejected the prisoner's claim and held that where "establishing the basis for the damages claim *necessarily demonstrates* the invalidity of the conviction," *id*. at 481-82 (emphasis added), a § 1983 action cannot lie "unless . . . the conviction or sentence has already been invalidated," *id*. at 487.

As the Supreme Court has explained in later decisions, the rule of *Preiser* and *Heck* turns on

the words "necessarily demonstrates."  In *Edwards v. Basilok*, 520 U.S. 641 (1997), the Supreme

Court held that a writ of habeas corpus was a prisoner's sole recourse in challenging the procedures

used to deny him good-time credits.  The Court noted that "the principal procedural defect

complained of by the respondent, would, if established, necessarily imply the invalidity of the

deprivation of his good-time credits," which would in turn decrease the duration of his confinement.

*Id.* at 646.  By contrast, recently in *Wilkinson v. Dotson*, 125 S. Ct. 1242 (2005), the Supreme Court

allowed prisoners to use § 1983 to raise claims that improper procedures had been used at their

parole eligibility hearings.  The Court noted that, unlike in *Edwards*, a finding for the prisoners that

the procedures were improper would not necessarily result in an automatic reduction in the duration

of their confinement:

> Success [for the first prisoner] does not necessarily mean immediate release from
> confinement or a shorter stay in prison; it means at most new eligibility review,
> which at most speed *consideration* of a new parole application.  Success for [the
> second prisoner] means at most a new parole hearing at which [State] parole
> authorities may, in their discretion, decline to shorten his prison term.

*Id.* at 1248.  The issue before this Court is thus whether Mr. Burnell's claims are more akin to those

of the prisoner in *Edwards* – entitling him to an automatic reduction in the duration of his

confinement and therefore limiting his recourse to a writ of habeas corpus – or more like those of

the prisoners in *Wilkinson* – entitling him only to reconsideration of his parole under proper

procedures and therefore making relief under § 1983 available.

It is without question that *Presier* and its progeny bar Mr. Burnell's request for "immediate

release."  In this respect, therefore, Defendants' motion to dismiss is granted and Mr. Burnell's claim

for "immediate release" is dismissed.  If Mr. Burnell continues to desire that particular form of relief,

he will have to pursue the claim by a writ of habeas corpus.

However, Mr. Burnell's Petition is not limited to, or even focused on, his request for immediate release.  In substance, what he really seeks is a declaration that Officer Ellison's actions were wrongful, an injunction preventing Officer Ellison from continuing his wrongful conduct, and damages to redress the harm resulting from such conduct.  These other forms of relief are indeed cognizable under § 1983. *See Wolff v. McDonnell*, 418 U.S. 539, 554-55 (1974) (refusing prisoners' request for an injunction restoring good-time credits that were revoked by allegedly improper procedures, but allowing prisoners to seek damages, a declaratory judgment "as a predicate to a damages award," and an injunction "enjoining the prospective enforcement of invalid prison regulations.").

The Court notes that even if the alleged wrong that serves as the basis of Mr. Burnell's Petition – the undermining of his parole prospects by Officer Ellison – were to cease or were never to have occurred, Mr. Burnell would not necessarily be entitled to release on parole or to a halfway house.  Indeed, the information provided by Defendants suggests that there are many factors at play in the parole process and that even in the absence of Officer Ellison's alleged statements, Mr. Burnell's release on parole was far from guaranteed.  Thus, Defendants emphasize that any parole Mr. Burnell received was subject to "myriad conditions."  State's Mem. in Supp. of Motion to Dismiss [doc. #4-2] at 4.  For example, one of the standard conditions of parole that applied to Mr. Burnell was obtaining placement in a residence approved by his parole officer. *See id.*  Mr. Burnell's Petition does not make clear how Officer Ellison's alleged comments endangered his placement in North Granby, and it would be mere speculation on the Court's part to conclude that Officer Ellison's

comments were the sole reason that placement fell through.  Furthermore, while Mr. Burnell was

voted to parole in Maine, according to Defendants, his parole in Connecticut was explicitly

conditional, implying that even if a suitable placement were found, he would not necessarily be

released.  *See id.* at 4 ("If not accepted by Maine authorities, then you *may* be released to a full parole

program in the State of Connecticut.") (emphasis added).

Given the nature of Mr. Burnell's parole, a finding by this Court that Officer Ellison acted

improperly would not "necessarily demonstrate the invalidity of [Mr. Burnell's] confinement or its

duration."  Like the prisoners in *Wilkinson*, Mr. Burnell claims that an improper procedure has been

used in addressing his parole application.  If the Court agrees with Mr. Burnell that his rights have

been violated, he will not necessarily be released immediately – or even any faster.  He will merely

have the benefit of having his parole application considered without the unfair impediments

allegedly placed in his way by Officer Ellison.  Therefore, the Court holds that *Preiser* and its

progeny do not foreclose a request for relief by Mr. Burnell under § 1983.[2]

Mr. Burnell's Petition does not make clear against whom he seeks damages, and whether he

seeks damages against any Defendants in their official or individual capacities.  The Court cautions

Mr. Burnell that the doctrine of sovereign immunity would preclude an award of damages against

---

[2] The Court notes that a contrary conclusion was reached in an analogous case, *Bodie v. Morgenthau*, 342 F. Supp. 2d 193 (S.D.N.Y. 2004).  In *Bodie*, a prisoner filed a § 1983 action claiming that a district attorney had placed a negative, and factually inaccurate, recommendation letter in his institutional parole file.  *Id.* at 195.  The prisoner believed that this letter contributed to his parole denials and sought damages for the "use of an erroneous [parole] procedure."  *Id.* at 201. The court, after carefully reviewing *Preiser* and its progeny, concluded that the prisoner's claim was barred, stating "any ruling in his favor would necessarily call into question the determination to deny him parole, and consequently, the duration of his confinement."  *Id.*  As *Bodie* was decided before the *Preiser* line was further refined in *Wilkinson*, the Court declines to follow *Bodie*.

any Defendant in his or her official capacity.  Moreover, Officer Ellison's actions  may entitle him to absolute immunity if performed in a judicial or prosecutorial capacity, or to qualified immunity if performed in an administrative capacity.  *See King v. Simpson*, 189 F.3d 284 (2d Cir. 1999) (considering whether a parole official was entitled to absolute or qualified immunity for his alleged role in delaying a prisoner's parole).  Lacking a sufficient factual record and briefing from the parties, the Court declines to prejudge the issue.

Finally, the Court notes that Mr. Burnell's Petition makes no specific allegations against – indeed, makes no mention of – any Defendant other than Officer Ellison.  "[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004) (quoting *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999)).  Accordingly, the Court dismisses without prejudice Mr. Burnell's petition as to Defendants Christine Whidden, Theresa Lantz, and Robert J. Gillis.  Mr. Burnell may amend his claim to include these defendants so long as he describes with specificity the wrongdoing of which he accuses them.

### Conclusion

Accordingly, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss in Response to Order to Show Cause [doc. #4].  **The Court construes Mr. Burnell's Petition to be a complaint for relief under 42 U.S.C. § 1983 and directs the Clerk to so indicate in the case file**.  Mr. Burnell's claim thus construed, the Court grants the motion to dismiss with prejudice to the extent that Mr. Burnell requests immediate release from custody.  The Court also grants the motion

to dismiss without prejudice as to Defendants Christine Whidden, Teresa Lantz, and Robert J. Gillis.

The Court denies the motion to dismiss to the extent Mr. Burnell seeks a declaratory judgment, an

injunction preventing Officer Ellison from further interfering with Mr. Burnell's parole application

and damages.  The Court believes that Mr. Burnell might benefit from the advice of counsel.  The

Court will consider granting a request for appointed counsel if Mr. Burnell  files a motion to appoint

counsel not later than **November 9, 2005**.


IT IS SO ORDERED.


/s/ _____Mark R. Kravitz_____
United Stated District Judge


**Dated at New Haven, Connecticut: <u>October 19, 2005</u>**.