UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
DONALD BURNELL                 :
                               :             PRISONER
     v.                        :    Case No. 3:05CV825(MRK)(WIG)
                               :
CHRISTINE WHIDDEN, et al.      :
```

RULING AND ORDER

This ruling considers two motions filed by plaintiff as well as his response to defendants' notice of deposition.

I.  Motion to Compel [doc. #10]

Plaintiff first asks the court to compel defendant Lantz to appear in court and explain why she did not personally respond to the subpoena mailed to her by plaintiff.  The court has construed this document as a motion to compel.  For the reasons that follow, plaintiff's motion is denied without prejudice.

Rule 37, D. Conn. L. Civ. R., provides in relevant part:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

The purpose of this rule is to encourage the parties to make a good faith effort to resolve the dispute without the intervention of the court.  See Getschmann v. James River Paper Co., Inc.,

Civil 5:92cv163 (WWE), slip op. at 2 (D. Conn. January 14, 1993) (court should not "become unnecessarily involved in disputes that can and should be resolved by the parties"). In addition, Local Rule 37(a)3 requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." Copies of the discovery requests must be included as exhibits.

    Plaintiff has not attached a copy of the subpoena to his motion. He has provided copies of the response to the subpoena he received from a paralegal specialist in the Commissioner's Office and a letter from defendants' counsel advising plaintiff that he should conduct discovery pursuant to the Federal Rules of Civil Procedure.

    Plaintiff states that he has filed his motion pursuant to section 245 of the Rules of Discovery, Federal Rules of Civil Procedure. Discovery is conducted in the federal court pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure. The court cannot identify any section 245 and cannot discern what rules plaintiff attempts to follow.

    Plaintiff should have filed his discovery request as an interrogatory pursuant to Rule 33 or a request for production of

documents pursuant to Rule 34.  In either case, he should have served the discovery request on counsel of record.  See Fed. R. Civ. P. 5(a) ("every paper relating to discovery ... shall be served on each of the parties") and 5(b)(1) ("Service ... on a party represented by an attorney is to be made on the attorney").  Counsel appeared on June 16, 2005, one month before plaintiff attempted to serve his subpoena, but plaintiff did not serve counsel.  Plaintiff's motion to compel [**doc. #10**] is **DENIED** without prejudice.  Plaintiff should submit a proper discovery request to obtain the requested information.

II.   Motion for Contempt and Sanctions [doc. #11]

Plaintiff next asks the court to find Wayne Theriault, the Compact Coordinator of the State of Maine in contempt for failing to comply with a subpoena mailed to him by plaintiff.  "Service of a subpoena upon a person named there in shall be made by delivering a copy thereof to such person."  Fed. R. Civ. P. 45(b)(1).  Service may be made by any person, not a party to the case, who is at least eighteen years of age.  A subpoena may not be served by mail.  Thus, plaintiff has not properly served his subpoena.  In addition, a subpoena may not be served more that 100 miles from this district.  See Fed. R. Civ. P. 45(b)(2).  Because plaintiff has not complied with court rules regarding service of the subpoena, his motion seeking contempt and sanctions [**doc. #11**] is **DENIED.**

III. <u>Response to Notice of Deposition</u>

In response to defendants' notice of deposition, plaintiff has indicated that he expects to be represented by counsel at the deposition. Plaintiff correctly notes that the court has granted his motion for appointment of counsel. While the court attempts to locate an attorney willing to represent him, however, plaintiff is not excused from prosecuting his case. In fact, in his motion for appointment of counsel, plaintiff specifically acknowledged this fact. <u>See</u> Mot. App. Counsel, doc. #14, at 6 ("I understand that filing this motion does not excuse me from litigating my case ....I also understand that filing this motion does not stay this case and does not excuse me from responding to any motion filed by the defendants.) Thus, even if counsel has not been appointed, plaintiff must attend and participate in his deposition.

IV. <u>Conclusion</u>

Plaintiff's motion to compel [**doc. #10**] is **DENIED** without prejudice and his motion for contempt and sanctions [**doc. #11**] is **DENIED**.

**SO ORDERED** this  13th  day of December, 2005, at Bridgeport, Connecticut.

 /s/ *William I. Garfinkel* 
WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE