UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONALD BURNELL, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Case No. 3:05CV825 (MRK) |
| : | |
| CHRISTINE WHIDDEN, ET. AL, : | |
| : | |
| Respondents. : | |

## RULING AND ORDER

Pending before the Court are Defendant Eric Ellison's Motion for Immediate Discharge of Notice of Lis Pendens [doc. #22] and Motion for Protective Order [doc. #23]. The Court issued an Order to Show Cause [doc. #24], directing Plaintiff Donald Burnell explain why these motions should not be granted. In Plaintiff's response [doc. #25], he requests that the Court issue a protective order against Defendant. For the following reasons, the Court GRANTS the Motion for Immediate Discharge of Notice of Lis Pendens [doc. #22] and DENIES without prejudice the motions for a protective order [docs. ## 23 & 25].

The Court turns first to Defendant's motion to discharge the notice of *lis pendens* recorded against his property. Under Connecticut law, "[i]f the action for which notice of lis pendens was recorded, is pending before any court, the property owner may at any time . . . move that such notice of lis pendens be discharged of record." Conn. Gen. Stat. § 52-325a(c); *see Country Lumber, Inc. v. Smith*, No. CV0195431, 2002 WL 31125642, at *1 (Conn. Super. Aug. 21, 2002) ("Any interested party may file a motion . . . to discharge and invalidate the notice of lis pendens."). In this lawsuit, Plaintiff does not allege that Defendant's property is the subject of the dispute. Instead, he merely

argues that "a settlement could conceivably affect [Defendant's] property," and that "[i]t is a normal part of any civil suit to place a Notice of Lis Pendens on property of Defendants." Plaintiff's Response [doc. #25] at 1.

This Court disagrees. The subject of this action does not concern Defendant's property, as Plaintiff concedes. Therefore, Plaintiff's recording of a notice of *lis pendens* under the caption of this case was improper. Connecticut law "is clear that a notice of lis pendens is appropriate only where the pending action will in some way . . . affect the title to or an interest in the real property itself." *Garcia v. Brooks Street Assocs.*, 209 Conn. 15, 22 (1988). Connecticut courts construe this rule strictly, requiring that the pending action directly concern title to or an interest in the property. *See, e.g.*, *B & H Drilling, Inc. v. R.S. Assocs., Inc.*, No CV010075883S, 2002 WL 521337, at *1 (Conn. Super. Mar. 13, 2002) (discharging a notice of lis pendens because "[t]itle to, or an interest in, the [encumbered] property is not an issue in this action"). Here, Plaintiff's complaint makes no mention of Defendant's property whatsoever. *See* Petition for a Writ of Mandamus [doc. #1] (which the Court has construed as a Complaint). Therefore, the Court GRANTS Defendant's motion to discharge the notice of *lis pendens* [doc. #22].

With respect to Defendant's motion for a protective order, Plaintiff assures the Court that he has "no intention to publish or make known the Defendant's home address," yet goes on to say that the address "is used for the purposes of this law suit ONLY." Pl.'s Response [doc. #25] at 1-2. The Court is not certain what purpose Defendant's home address might serve in this suit, and so warns Plaintiff that it would be inappropriate to disclose the address in any court filing unless ordered to do so. Given Plaintiff's assurance that he will not disclose the address in the future, however, the Court DENIES Defendant's Motion for Protective Order [doc. #23] without prejudice to renewal if

a need should arise.  Similarly, the Court DENIES Plaintiff's request for a protective order [doc. #25] without prejudice to renewal if Plaintiff can articulate a specific action taken in the future by Defendant that would justify it.

In sum,  the Court GRANTS the Motion for Immediate Discharge of Notice of Lis Pendens [doc. #22] and DENIES without prejudice the motions for a protective order [docs. ## 23 & 25].

IT IS SO ORDERED,

/s/     Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: December 22, 2005.**